IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

RHONDA EWING RANDLE                                                                          PLAINTIFF

V.                                                           CIVIL ACTION NO. 1:18-CV-141-SA-DAS

PRIMERICA LIFE INSURANCE CO., and
IDA MAE EACHOLES                                                                          DEFENDANTS

FINAL ORDER REMANDING CASE

Rhonda Ewing Randle originally filed her Complaint [2] in the Circuit Court of Monroe County, Mississippi asserting various claims against her former husband's life insurance carrier, Primerica Life Insurance Company, and its insurance agent Ida Mae Eacholes. On July 20, 2018 Defendant Primerica removed the case to this Court, premising jurisdiction on the basis of diversity of citizenship. *See* Notice of Removal [1].

The Parties in this case are not diverse. Plaintiff Randle is a citizen of Mississippi, and Defendant Eacholes is also a citizen of Mississippi. Now before the Court is Eacholes' Motion to Dismiss [8] requesting dismissal of the Plaintiff's claims against her, and arguing that she was improperly joined as a defendant for the sole purpose of defeating diversity. Also before the Court is the Plaintiff's Motion to Remand [11] this case back to the Circuit Court.

The issues are fully briefed and ripe for review. The Court will take up the jurisdictional issue first, and then proceed to the Motion to Dismiss if necessary.[1]

---

[1] "When a Rule 12(b)(1) motion is filed in conjunction with a Rule 12(b)(6) motion, . . . courts must consider the jurisdictional challenge first." *McCasland v. City of Castroville, Tex.*, 478 F. Appx. 860 (5th Cir. 2012) (per curiam) (citing *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); *Morgan v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)). This "'prevents a court without jurisdiction from prematurely dismissing a case with prejudice.'" *Id.* at 860-61 (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam)); *Hitt v. City of Pasadena, Tex.*, 561 F. 2d 606, 608 (5th Cir. 1977) (per curiam).

*Factual and Procedural Background*

Sometime prior to 2000, Primerica issued a life insurance policy on the life of Jessie Randle with his wife, the Plaintiff, Rhonda Randle as the beneficiary. The two separated sometime in 2009. On June 25, 2015 the policy lapsed due to non-payment. Defendant Eacholes, an insurance agent for Primerica, visited the Plaintiff at her home on October 29, 2015 to discuss the reinstatement of the policy.

According to the Plaintiff, Eacholes, asked her several questions. Two of the questions posed were whether Jessie Randle used tobacco products in the last twelve months, or in the last five years. According to the Plaintiff, she indicated that she did not know about Jessie Randle's tobacco use because the two separated sometime in 2009. The relevant checkboxes on the reinstatement form indicate "no" as to both questions. According to the Plaintiff, Eacholes filled out a reinstatement form and the Plaintiff signed both her name, and Jessie Randle's name at the bottom at Eacholes direction.

Jessie Randle died in an automobile accident on October 13, 2016. After his death, the Plaintiff made a claim on the Primerica policy. Primerica denied her claim on the basis that she provided material misstatements on the insurance application. Specifically, that the Plaintiff indicated that Jessie Randle was not a tobacco user, and that medical records reviewed by Primerica indicated that he was.

The Plaintiff filed this suit against Primerica and Eacholes, asserting claims against Eacholes for breach of contract, bad faith, including negligent and knowing misrepresentation, and intentional infliction of emotional distress. The Plaintiff alleges that Eacholes was grossly negligent in the preparation of the insurance application, and the application process, ultimately resulting in the denial of her claim. The Plaintiff specifically alleges that Eacholes knew about

Jessie Randle's tobacco use on June 14, 2015, prior to both the policy lapse and the reinstatement meeting. The Plaintiff further alleges that Eacholes used this prior knowledge to intentionally undermine the validity of the policy, and ultimately to deny her otherwise valid claim. In support of her claim, the Plaintiff points to a letter from Primerica, attached to her Complaint, denying her claim. The letter specifically states that on June 14, 2015 Primerica obtained medical records indicating that Jessie Randle had a history of social tobacco use.

The Plaintiff now requests that this Court remand the Case back to the Monroe County Circuit Court. The Plaintiff argues that because the Parties are not diverse, this court lacks subject matter jurisdiction. In response, Eacholes argues that the Plaintiff cannot establish any basis for recovery against her under Mississippi law, and that she was improperly joined as a Defendant in this case for the sole purpose of defeating diversity jurisdiction. Eacholes requests that the Court dismiss all the Plaintiff's claims against her, thus perfecting diversity jurisdiction over the Plaintiff's remaining claims against Primerica.

*Diversity Jurisdiction & Improper Joinder*

"Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (citing *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013) (internal quotations and alteration omitted)). Only the second situation is an issue in this case. The applicable test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."

*Davidson*, 819 F.3d at 765 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

"*Smallwood* sets out the procedure for determining whether, in the absence of actual fraud, a non-diverse defendant was improperly joined." *Davidson*, 819 F.3d at 765; s*ee Mumfrey*, 719 F.3d at 401. "First, a court looks at the allegations contained in the complaint. *See id.* If a plaintiff can survive a Rule 12(b)(6) challenge for failure to state a claim, there is ordinarily no improper joinder." *Davidson*, 819 F.3d at 765 (citing *Mumfrey*, 719 F.3d at 401; *Smallwood*, 385 F.3d at 573).[2] When "a complaint states a claim that satisfies 12(b)(6), but has 'misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.'" *Id.* (quoting *Smallwood,* 385 F.3d at 573). "[T]he decision regarding the procedure necessary in a given case must lie within the discretion of the trial court." *Id*.

"The burden of persuasion on those who claim [improper] joinder is a heavy one." *Davidson*, 819 F.3d at 765 (citing *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)). With that in mind, the Court views "all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff" and resolves "[a]ny contested issues of fact and any ambiguities of state law" in the plaintiff's favor. *Davidson*, 819 F.3d at 765. It "is insufficient that there be a mere theoretical possibility of recovery; to the contrary, there must at least be arguably a reasonable basis for predicting that state law would allow recovery in order to

---

[2] The familiar Rule 12(b)(6) standard requires: A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 937, 173 L. Ed. 2d 868 (2009). It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In other words, a "[plaintiff's] complaint therefore must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S. Ct. 1955. If there are insufficient factual allegations to raise a right to relief above the speculative level, the claim must be dismissed. *Id.* at 555, 127 S. Ct. 1955. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez–Montes v. Allied Pilots Assn.*, 987 F. 2d 278, 284 (5th Cir. 1993).

preclude a finding of fraudulent joinder." *Walton v. Tower Loan of Miss.*, 338 F. Supp. 2d 691, 692–93 (N.D. Miss. 2004) (citing *Travis*, 326 F.3d at 648; *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 386 (5th Cir. 2000) (internal quotations omitted)). The Court must "take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant." *Davidson*, 819 F.3d at 765 (citing *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004) (quoting *Travis*, 326 F.3d at 649)).

*Analysis and Discussion*

Mississippi law concerning claims against insurance agents is complex. *See Brandon v. Shelter Mut. Ins. Co.*, No. 116-CV-141-GHD, 2017 WL 775803, at *4 (N.D. Miss. Feb. 27, 2017) (discussing varying standards of care applied by Mississippi Courts). Under Mississippi law, "'[a]n insurance agent must use that degree of diligence and care with reference thereto which a reasonably prudent [person] would exercise in the transaction of his own business.'" *Mladineo v. Schmidt*, 52 So. 3d 1154, 1162 (Miss. 2010) (quoting *McKinnon v. Batte*, 485 So. 2d 295, 297 (Miss. 1986) (other citations omitted)). Further, "Mississippi law requires insurance companies and their agents to adhere to the standard of care for their profession, and they will be liable for any breach of this standard of care which proximately causes damages." *Id.* at 1168. In *Mladineo*, the Mississippi Supreme Court held that "the plaintiffs' negligence claim against the insurance agent could proceed because the plaintiffs may have been able to show that the agent's alleged misrepresentation regarding the plaintiffs' need to purchase flood insurance breached the agent's professional duty and proximately caused any damage to the [plaintiffs]." *Hayne v. The Doctors Co.*, 145 So. 3d 1175, 1183 n.7 (Miss. 2014) (citing *Mladineo*, 52 So. 3d at 1163). The *Mladineo* Court specifically stated: "[W]e do not find that insurance agents in Mississippi have an affirmative duty to advise buyers regarding their coverage needs," but "if agents do offer advice

5

to insureds, they have a duty to exercise reasonable care in doing so." *Id.* Thus, in that case, the Mississippi Supreme Court recognized a negligence claim against the insurance agent.

However, in the earlier, frequently-cited case *Gallagher Bassett Services, Inc. v. Jeffcoat*, 887 So. 2d 777 (Miss. 2004), the Mississippi Supreme Court stated: "[A]n insurance adjuster, agent[,] or other similar entity may not be held independently liable for simple negligence in connection to its work on a claim" unless "its acts amount to any one of the following familiar types of conduct: gross negligence, malice, or reckless disregard for the rights of the insured." *Id.* at 785; *see Berry v. Hardwick*, 152 Fed. Appx. 371, 375 (5th Cir. 2005) (per curiam) (relying on *Jeffcoat* in holding that "insurance agents . . . may not be liable under Mississippi law for improper acts in adjusting a claim unless [plaintiff] demonstrates that those acts amount to 'gross negligence, malice, or reckless disregard for the rights of the insured'"). "Reckless is defined as careless, heedless, inattentive; indifferent to consequences. For conduct to be reckless it must be such as to evince disregard of, or indifference to, consequences." *Chapman v. Coca Cola Bottling Co.*, 180 So. 3d 676, 690 (Miss. Ct. App.), *reh'g denied* (Aug. 18, 2015), *cert. denied sub nom. Chapman v. Coca–Cola Bottling Co.*, 179 So. 3d 1137 (Miss. 2015) (internal quotation marks and citation omitted).

In any event, the allegations in the instant case rise above mere negligence. Specifically, the Plaintiff alleges that she provided truthful answers to Eacholes' questions, and that Eacholes, either recklessly or intentionally, used her prior knowledge of the insured's medical records to undermine the validity of the policy from the moment of its reinstatement.

The Court finds the facts of *Mladineo* instructive. As noted above, the Mississippi Supreme Court recognized in *Mladineo* that agents who offer advice to insureds regarding the sufficiency of their coverage have a duty to exercise reasonable care. *Mladineo,* 52 So. 3d at 1162. In

6

*Mladineo*, the Plaintiffs' agent told them that they were not in a flood plain and advised them not to procure flood insurance. *Id.* That was incorrect, as a portion of the plaintiffs' property was located in a flood plain and was in fact damaged by storm surge. *Id.* at 1157. The *Mladineo* Court recognized that the plaintiffs could not have known their property was located in a flood plain by reading their policy; thus, even though they were imputed with the knowledge of the policy's contents, an issue of material fact existed as to whether they detrimentally relied on their agent's misrepresentation regarding their lack of need of flood insurance. *Id.* at 1163–64. Ultimately, the Court found that summary judgment was improper on the plaintiffs' negligent misrepresentation claim against their insurance agent. *Id.*[3]

The facts in the instant case, as alleged by the Plaintiff, raise a similar question as to misrepresentation in the reinstatement process, albeit a misrepresentation of omission, that Eacholes intentionally withheld information, instead of an affirmative misrepresentation like the one by the agent in *Mladineo*. Further, the Plaintiff in this case alleges reckless and intentional misrepresentation by Eacholes, in contrast to the mere negligent misrepresentation alleged by the plaintiffs in *Mladineo*.

In light of the above precedents, specifically *Mladineo* and *Jeffcoat*, the Court finds that the Plaintiff has set forth and arguably reasonable basis for predicting that state law would allow recovery. *Walton*, 338 F. Supp. 2d at 692–93 (citing *Travis*, 326 F. 3d at 648; *Badon*, 224 F.3d at 386). In addition, the Court finds that at least with respect to her bad faith, negligent and knowing misrepresentation claim, the Plaintiff has stated a claim for relief under 12(b)(6). As noted above,

---

[3] The Court notes that the Mississippi Supreme Court explicitly stated: "We are not carving out an exception to the duty to read. These alleged omissions and misrepresentations are not barred by the imputed knowledge of the policy because they are not misrepresentations that would have been disclosed by reading the policy." *Id.* at 1162–63 (citing *Ballard v. Commercial Bank of DeKalb*, 991 So. 2d 1201, 1207 (Miss. 2008) (internal quotations omitted); *see also Robichaux v. Nationwide Mut. Fire Ins. Co.*, 81 So. 3d 1030, 1040–41 (Miss. 2011).

"if a plaintiff can survive a Rule 12(b)(6) challenge for failure to state a claim, there is ordinarily no improper joinder." *Davidson*, 819 F.3d at 765 (citing *Mumfrey*, 719 F.3d at 401; *Smallwood*, 385 F.3d at 573). For these reasons, the Court finds that Eacholes failed to carry the heavy burden of demonstrating improper joinder. *Id.* (citing *Travis*, 326 F.3d at 649 (5th Cir. 2003)). Because the Parties in this case are not diverse, jurisdiction is lacking and this case will be remanded to the Circuit Court of Monroe County.

*Conclusion*

For all of the reasons fully discussed above, the Plaintiff's Motion to Remand [11] is GRANTED. This CASE is REMANDED to the Circuit Court of Monroe County, Mississippi. The Clerk of Court is directed to take all steps necessary to promptly effect the remand.

It is SO ORDERED, on this the 28th day of February, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE